IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-CV-1065-DJC-DMC-P |
| Plaintiff, | ORDER |
| v. | and |
| ROB BONTA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names California Attorney General Rob Bonta and Mule Creek State Prison Warden P. Covello as defendants to this action. See ECF No. 1, pg. 2. While Plaintiff's complaint is not entirely clear, what is apparent is that Plaintiff is challenging the validity of a 1992 criminal conviction. For example, Plaintiff states that he was convicted of second-degree murder and denied a "lesser degree of guilt/punishment" due to, among other things, faulty jury instructions. Id. at 3. Plaintiff further states that he was arrested an "unlawfully interrogated" and that "illegal confessions. . . served as basis for judgment of conviction." Id. at 4. Plaintiff further states that he was denied the effective assistance of counsel. See id. Next, Plaintiff alleges that his criminal conviction is unlawful and unconstitutional. See id. at 5. Finally, Plaintiff asks the Court for relief in the form of, among other things, his release from prison. See id. at 25.

## II. DISCUSSION

The Court finds that Plaintiff's action, which relates to the fact and duration of confinement and not the conditions of confinement, is barred.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

2

underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, Plaintiff is challenging a criminal conviction and seeking release.  Success on the merits of Plaintiff's claims would thus necessarily imply the invalidity of Plaintiff's criminal conviction.  Further, based on the allegations in the complaint and numerous pending motions filed by Plaintiff seeking relief from his criminal conviction, see ECF Nos. 10, 12, 13, 16, 18, 19, 20, 21, and 22, it is clear that Plaintiff's criminal conviction has not been set aside of invalidated.  For these reasons, Plaintiff's action is Heck-barred.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1.   It is hereby RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

2.   It is hereby ORDERED that all pending motions, ECF Nos. 10, 12, 13, 16, 18, 19, 20, 21, and 22, be DENIED as moot and without prejudice to renewal should these findings and recommendations not be adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of

objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 4, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE