**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN CARLOS CALDERON, | No.  2:23-CV-1065-DJC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court in this closed action is Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 60 of the Court's final order and judgment issued on February 15, 2024.  See ECF No. 28.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.  Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been

1

discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff does not allege reconsideration is warranted under Rule 60(a) due to a clerical mistake.  See ECF No. 28.  To the extent Plaintiff seeks relief under Rule 60(b)(1)-(3), the motion is untimely because it was filed on February 2, 2026, which is more than one year after entry of final judgment on February 15, 2024.  Likewise, Plaintiff's motion was not brought "within a reasonable time" to the extent he seeks relief under Rule 60(b)(4)-(6).

Based on the foregoing, the undersigned recommends that Plaintiff's motion for reconsideration, ECF No. 28, be denied as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 16, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2